UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATÍAS DE JESÚS JIMÉNEZ GARCÍA,

        Petitioner,

v.

MARTY C. RAYBON, in his official
Capacity as Michigan Field Office
Director for U.S. Immigration and
Customs Enforcement, et al.,

        Respondents.
_____/

Case No. 2:25-cv-13086

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DISMISSING RESPONDENTS NOEM AND BONDI, GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DIRECTING RESPONDENT RAYBON TO PROVIDE PETITIONER A BOND HEARING OR OTHERWISE RELEASE HIM, AND DIRECTING RESPONDENT RAYBON TO FILE STATUS REPORT**

Petitioner Matías de Jesús Jiménez García seeks a writ of habeas corpus under 28 U.S.C. § 2241. Jiménez García alleges that Respondents have detained him without a bond hearing in violation of the Immigration and Nationality Act (INA), and that his continued detention without a bond hearing violates his Fifth Amendment right to due process.

As explained below, because Jiménez García is being held in violation of federal law, his habeas petition will be granted, and Respondent Marty C. Raybon

will be directed to provide Jiménez García with a bond determination hearing on or before October 27, 2025, or otherwise release Jiménez García.

## I. BACKGROUND

Jiménez García is a native and citizen of Guatemala who has resided continuously in the United States for nearly 25 years. *See* ECF No. 1 at PageID.13. On August 16, 2025, Immigration officials arrested Jiménez García and charged him with inadmissibility under INA § 8 U.S.C. 212(a)(6)(A)(i) because he did not lawfully enter the United States. *See* ECF No. 4-2 at PageID.125.

Nine days after his arrest, Jiménez García requested a bond hearing in immigration court. ECF No. 1 at PageID.13. But on September 8, 2025, the immigration court denied Jiménez García's request to be released on bond for lack of jurisdiction. *Id.*; *see also* ECF No. 4 at PageID.99. According to the immigration court, because Jiménez García was detained under § 1225(b)(2), he was subject to mandatory detention.[1] ECF No. 4 at PageID.99. One week later, Jiménez García

---

[1] In its response, ECF No. 4, the Government suggests that the immigration court's denial of Jiménez García's request for a bond hearing was based upon the Board of Immigration Appeals' recent holding that § 1225(b)(2)(A) applies to inadmissible noncitizens like Jiménez García, who lived unlawfully in the United States for more than two years without apprehension. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025). But according to recent Supreme Court guidance, this Court is not bound by the BIA's interpretation of § 1225(b)(2)(A). *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous."); *see also Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL

appealed the immigration court's bond denial to the Board of Immigration Appeals. *See* ECF No. 1 at PageID.13.

On September 22, 2025, Jiménez García appeared with counsel for his initial hearing in immigration court and he denied the charges of removability. ECF No. 4 at PageID.100. A merits hearing was scheduled for October 14, 2025.[2] *Id.*

On September 30, 2025, Jiménez García, through counsel, filed a petition for a writ of habeas corpus. ECF No. 1. In his petition, Jiménez García alleges four counts as follows:

| Count | Claim |
|---|---|
| I | Violation of 8 U.S.C. § 1226(a) and Associated Regulations |
| II | Violation of Fifth Amendment Right to Due Process (failure to provide bond hearing under 8 U.S.C. § 1226(a)) |
| III | Violation of Fifth Amendment Right to Due Process (failure to provide an individualized hearing for domestic civil detention) |
| IV | Violation of Fifth Amendment Right to Due Process (substantive due process) |

*See* ECF No. 1 at PageID.28–30.

---

2609425, at *6 (E.D. Mich. Sept. 9, 2025) (citing *Loper Bright* and noting that district courts are not bound by the BIA's interpretation of the relevant statute).

[2] No Party has provided an update regarding the outcome of Jiménez García's October 14, 2025, merits hearing. However, on October 14, 2025, Jiménez García's attorney filed a reply brief in which he noted that if Jiménez García is ordered removed at the merits hearing, "his detention will continue to be governed by 8 U.S.C. § 1226 during his administrative appeal because the removal order will not be final." ECF No. 5 at PageID.170 (citing 8 C.F.R. § 1241.1). Jiménez García's counsel is correct. Thus, this Court will proceed to analyze the legality of Jiménez García's continued detention.

Respondents were ordered to respond to the petition on an expedited basis and filed their response on October 8, 2025. *See* ECF No. 4. Jiménez García filed a reply on October 14, 2025, the same day his immigration merits hearing was scheduled to occur.

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief. 28 U.S.C. § 2243.

## III. DISCUSSION

As an initial matter, this Court will dismiss Respondents Bondi and Noem, as only a petitioner's immediate custodian—in this case, Michigan ICE Field Office Director Marty Raybon—is the proper respondent. *See* 28 U.S.C. § 2243 (instructing that a writ of habeas corpus "shall be directed to the person having custody of the person detained."). Indeed, Jiménez García concedes as much and does not object to the dismissal of these respondents. *See* ECF No. 5 at PageID.154. Accordingly, this Court's analysis will proceed only as to Respondent Raybon.

### A. Administrative Exhaustion

Next, this Court will address whether Jiménez García has exhausted his administrative remedies.

There is no applicable statute or rule that mandates administrative exhaustion under these circumstances. Thus, as recently explained by Judge Robert J. White of this Court:

> Whether to require exhaustion is thus within the district court's "sound judicial discretion." *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013) (citation omitted). Otherwise referred to as "prudential" exhaustion, *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 746 (6th Cir. 2019), a court-made exhaustion rule must comport with the statutory scheme and congressional intent. *Shearson*, 725 F.3d at 593–94. The Sixth Circuit has not decided whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention. *Hernandez v. U.S. Dep't of Homeland Sec.*, No. 1:25CV01621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025). As a result, some courts in this circuit apply Ninth Circuit precedent, but are split on the outcome. *See Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379, at *4–5 (E.D. Mich. Aug. 29, 2025); *Villalta v. Greene*, No. 4:25-cv-01594, 2025 WL 2472886, at *2 (N.D. Ohio Aug. 5, 2025); *Hernandez*, 2025 WL 2444114, at *8–10.
>
> But even if a court would ordinarily enforce prudential exhaustion, it may still choose to waive such exhaustion. *See Lopez-Campos*, 2025 WL 2496379, at *4. For example, when the "legal question is fit for resolution and delay means hardship," a court may choose to decide the issues itself. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted). A court may also excuse exhaustion if the "pursuit of administrative remedies would be a futile gesture." *Shearson*, 725 F.3d at 594 (citation omitted).

*Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025).

Here, Jiménez García asks the Court to waive the exhaustion requirement. *See* ECF Nos. 1 at PageID.13; 5 at PageID.168–70. And—importantly—Respondents themselves appear to acknowledge that Jiménez García's "pursuit of administrative remedies would be a futile gesture." *Shearson*, 725 F.3d at 594 (citation omitted); *see* ECF No. 4 at PageID.104 ("However, the agency acknowledges that Jimenez Garcia is unlikely to ultimately obtain the relief he seeks through the administrative process based on" the BIA's recent decision in *Matter of Yajure Hurtado*.).

Thus, because any pursuit of administrative remedies by Jiménez García would be futile in light of *Yajure Hurtado*, this Court will waive the exhaustion requirement. *See Sanchez Alvarez v. Noem et al.*, No. 1:25-CV-1090, 2025 WL 2942648, at *3 (W.D. Mich. Oct. 17, 2025) (finding that because "[i]t is unlikely that any administrative review by the BIA would lead to the Government changing its position" regarding the question of which statutory framework applies to the petitioner, exhaustion was not required).

Moreover, the waiver of exhaustion here is warranted because bond denial appeals "typically take six months or more to be resolved at the BIA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wa. 2025). And such a timeline for an administrative remedy is unreasonable or indefinite such that courts may waive the exhaustion requirement. *See Pizarro Reyes*, 2025 WL 2609425, at *3 (citing *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)). Indeed, the "delays inherent" in

the BIA's administrative process "would result in the very harm that the bond hearing was designed to prevent[:]" prolonged detention without due process. *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) (citation omitted).

Finally, requiring Jiménez García to exhaust his administrative remedies would hinder his ability to prepare his case on appeal, as he has limited access to attorneys, witnesses, evidence, interpreters, and technology while detained. *See Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *4.

At bottom, if this Court were to require Jiménez García to exhaust his administrative remedies through a BIA appeal, Jimenez Garcia would face "not only more, potentially unnecessary, months in prison, but also harm to his ability to mount a successful case [and appeal] against his removal." *Id.* Thus, this Court will waive Jiménez García's exhaustion requirement and proceed to the merits of his habeas petition.

### B. Violation of 8 U.S.C. § 1226(a) (Count I)

Jiménez García alleges that his continuing detention is unlawful because he was not released or provided with a bond hearing, as required under 8 U.S.C. § 1226(a). ECF No. 1 at PageID.28. Respondents argue that § 1226(a) does not apply to Jiménez García, and that he is instead properly detained under § 1225(b)(2). *See* ECF No. 4 at PageID.105–21.

Jiménez García is correct that the relevant provision governing his detention is § 1226(a). Indeed, "[a]t least a dozen federal courts," have reached the same conclusion upon reviewing the statutory text, statutory history, congressional intent, and statutory application for the last three decades. *Pizarro Reyes*, 2025 WL 2609425, at *3 (collecting cases); *see also Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Martinez v. Hyde*, 1:25-cv-11613-BEM, 2025 WL 208438 (D. Mass. July 24, 2025); *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025); *Rosado v. Figueroa et al.*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Lopez Benitez v. Francis et al.*, No. 1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Gonzalez et al. v. Noem et al.*, No. 5:25-cv-02054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde, et al.*, No. 1:25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Benitez et al. v. Noem et al.*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Kostak v. Trump et al.*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Aguilar Merino v. Ripa et al.*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D.

Fla. Oct. 15, 2025); *Sanchez Alvarez* v. *Noem et al.*, No. 1:25-CV-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025).

As numerous other district courts have explained, § 1225(b)(2)(A) "applies to aliens undergoing inspection, which generally occurs at the United States' border, when they are seeking lawful entry into the United States." *Sanchez Alvarez*, 2025 WL 2942648, at *5. In contrast, looking to the plain language of the statute, § 1226(a) "applies to a noncitizen who has resided in this country for [many] years and was already within the United States when apprehended and arrested," as opposed to being apprehended upon arrival at the border. *Lopez-Campos*, 2025 WL 2496379, at *8.

To this Court, there is simply no question that § 1226(a)—not § 1225(b)(2)(A)—applies to noncitizens such as Jiménez García who have resided in the United States for many years and were not apprehended while arriving at the border. And ICE's decision to upend 30 years of reasoned statutory interpretation is not persuasive otherwise. Thus, under § 1226(a), Jiménez García is entitled to a discretionary bond determination hearing. And because Jiménez García has been detained without having received such a bond determination hearing, he is in federal custody in violation of federal law. Thus, his habeas petition will be granted, and Respondent Raybon will be directed to provide Jiménez García with a bond hearing under § 1226(a) on or before October 27, 2025, or otherwise release him.

### C. Fifth Amendment Due Process Claims (Counts II, III, and IV)

This Court will decline to decide the merits of Jiménez García's due process claims given that this Court is granting the relief Jiménez García requests based on its interpretation of the applicability of § 1226(a). If Respondents do not provide Jiménez García with a bond determination hearing or release him by October 27, 2025, Jiménez García may renew his Fifth Amendment Due Process claims.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondents Kristi Noem and Pamela Bondi, are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that Jiménez García's Petition, ECF No. 1, is **GRANTED**. To that end, it is **ORDERED** that:

1. Respondent Raybon is **DIRECTED** to provide Jiménez García with a bond hearing under § 1226(a) **on or before October 27, 2025**, or otherwise release him; and

2. Respondent Raybon is **DIRECTED** to file a status report to certify compliance with this order **on or before October 29, 2025**. The status report shall detail if and when Jiménez García's bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 21, 2025